269 So.2d 808

**STATE of Louisiana**

v.

**Mary ELLIS.**

**No. 51989.**

May 1, 1972.

On Rehearing Nov. 6, 1972.

Rehearing Denied Dec. 11, 1972.

R. Harmon Drew, Minden, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Hal R. Henderson, John A. Richardson, Regan D. Madden, Dist. Attys., E. Rudolph McIntyre, Dist. Atty. Fifth Judicial Dist., W. C. Falkenheiner, Dist. Atty. Seventh Judicial Dist., Sam L. Wells, Dist. Atty. Eighth Judicial

Dist., Edwin O. Ware, Dist. Atty. Ninth Judicial Dist., Melvin P. Barre, Dist. Atty. Twenty-ninth Judicial Dist., for plaintiff-appellee.

Hamlet D. May, amicus curiae.

BARHAM, Justice.

Mary Ellis, charged with selling beer in Ward 3 of Claiborne Parish in violation of Ordinance No. 100 of that parish passed January 6, 1943, was convicted and sentenced to pay a fine of $400.00, with a suspended jail sentence of four months. On this appeal she relies upon bills of exceptions taken to the overruling of her motion to quash and motion in arrest of judgment.

This case raises the identical issue of unconstitutionality of Ordinance No. 100 of Claiborne Parish as was presented and decided in State of Louisiana v. Beene, 263 La. 865, 269 So.2d 794, this day handed down. Our reasoning and conclusions in the Beene case are applicable here. See also State of Louisiana v. Gantt, 263 La. 907, 269 So.2d 809, this day decided.

For the reasons stated, the bill of information is ordered quashed, the conviction and sentence are set aside, and the defendant is ordered discharged.

McCALEB, C. J., concurs in the result.

SANDERS, J., dissents for the reasons assigned in State v. Beene, 263 La. 865, 269 So.2d 794.

SUMMERS, J., dissents for the reasons assigned by Mr. Justice Sanders in State v. Beene, 263 La. 865, 269 So.2d 794.

ON REHEARING

SUMMERS, Justice.

For the reasons assigned in State of Louisiana v. Evelyn Beene, 263 La. 865, 269 So.2d 794 in which judgment was rendered this day, the judgment and decree heretofore rendered is reversed and set aside, and the judgment of the trial court is reinstated. The conviction and sentence are affirmed.

BARDEN, J., dissents and assigns reasons.

TATE, J., dissents for the reasons assigned in the companion *Beene* case.

DIXON, J., dissents.

On Rehearing

BARHAM, Justice, Dissenting.

See my dissent on rehearing in State v. Beene, 263 La. 865, 269 So.2d 794 this day decided.